

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0063

FILED
04/21/2020
Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0063

PUBLIC EMPLOYEES' RETIREMENT BOARD
OF THE STATE OF MONTANA,

Petitioner,

v.

LEWIS & CLARK COUNTY,

Respondent.

FILED

APR 21 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Petitioner Public Employees' Retirement Board of the State of Montana (MPERB) seeks declaratory judgment on original jurisdiction under M. R. App. P. 14(4). MPERB alleges it is entitled to declaratory judgment because the decision of the Commission of Respondent Lewis & Clark County to privatize the PureView Health Center and terminate its employees from County employment will endanger the actuarial soundness of the Public Employees' Retirement System and place the burden for unfunded actuarial liability attributable to PureView upon its members unless the County is required to pay the unfunded pension liabilities that have been accrued by these employees.

After reviewing MPERB's Petition, we granted Lewis and Clark County time to respond. We later granted Montana Association of Counties and Cascade County the right to intervene, and we granted leave to participate as amici curiae to Montana Federation of Public Employees, the Teachers' Retirement System of the State of Montana, the Association of Montana Retired Public Employees, and the Montana Board of Investments.

Pursuant to M. R. App. P. 14(4), an original proceeding in the form of a declaratory judgment action may be commenced in this Court when urgency or emergency factors make litigation in the trial courts and the normal appeal process inadequate and the case involves purely legal questions of statutory or constitutional interpretation that are of statewide importance.

In its response to MPERB's Petition, Lewis and Clark County argues this matter is not appropriate for an original proceeding in this Court. While the County agrees the matter is of statewide importance, it disagrees that it involves purely legal questions. It further argues the Petition fails to provide evidence sufficient to demonstrate that an emergency exists that makes the normal appeal process inadequate.

In its Petition, MPERB alleges the County's actions place the solvency and actuarial soundness of the pension funds "at immediate risk," and warns that lengthy litigation could affect its solvency and affect its ability to pay benefits. Elsewhere in the Petition, MPERB alleges the amount at issue is estimated at between $4.5 million and $5.165 million. While not an insignificant amount of money, given the value of the pension funds as a whole, this Court fails to see how this shortfall could lead to such catastrophic results in the time it would take the parties to litigate these matters through the normal procedure. Moreover, should MPERB ultimately prevail, there is no suggestion that the County would be unable to pay the judgment at that time. MPERB has not demonstrated that urgency or emergency factors make litigation in the trial courts and the normal appeal process inadequate. Further, while this may involve a predominantly legal issue, development of a factual record and clarification of the nature and depth of relief sought at the district court level appears necessary. Thus, we conclude this matter is not appropriate for an original proceeding in the form of a declaratory judgment action.

IT IS THEREFORE ORDERED that the Petition for Declaratory judgment on Original Jurisdiction is DENIED and DISMISSED.

The Clerk is directed to provide notice of this Order to all counsel of record.

DATED this 21st day of April, 2020.

_____
Chief Justice

_____

_____

2

_____

_____

_____

_____
Justices